Russell, County Judge.
The moving counsel presents the theory, fairly supported by affidavits establishing the facts, that this is the case where a due and orderly disposition of the assigned property will pay the creditors in full and leave a surplus to the assignor ; that the general assignment act of 1877 commits the >care and custody of the assigned property, the marshalling of the assets, and the collection of the claims, to the county court, substantially as the bankrupt act -of the United States does to the district court; that the assignor having committed his property to a trustee for creditors, without preference, who will be paid in full, should not have the residuum which may come to him after payment of his debts imperilled or diminished by the enhancement of Ms obligations by bills of ■costs or expenses of litigation.
These views are not correct. The laws of New York cannot be said to contemplate and provide for
r *291 the assignment of property of a debtor, who can pay his obligations in full, to an assignee who shall be able to hold that property beyond the reach of legal process, and thus secure to the assignor time for the payment of his debts, which otherwise he would not be able to secure.
The right of a creditor to sue is one of those civil rights which should not be taken away by implication. The act of 1877 in no manner suspends the rights of the creditor ; it does not afford to the debtor the ultimate relief of a discharge from his debts, nor does it provide for any stay.
Therein it differs from the bankrupt'act. That looks not only to the fair distribution of the debtor’s property but also to his final discharge from antecedent obligations, and expressly provides for ad interim, stays.
By pursuing his remedy by action the creditor does not and cannot interfere with the trust if the assignment be valid ; he cannot attack the property assigned, and hence he does not interfere with the objects for which the trust was created.
No power is conferred upon the county court to deprive him of the right to secure his debt out of property acquired by the debtor subsequent to the assignment; as the law does not favor general assignments by solvent debtors the presumption is that the creditor will need such property to satisfy at least a portion of his claim.
Motion denied with $10 costs.